UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6211-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.

THOMAS L. NAROG, et. al.,

    **Defendants.**

_____/



FILED by ___ D.C.

JUN - 6 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • W.P.B.

## ORDER RESETTING TRIAL DATE

**THIS CAUSE** was before the court at a scheduled status conference on June 5, 2001. Counsel representing all parties were present and the matter was court reported. The court being fully informed, it is

**ORDERED** and **ADJUDGED**:

1. This case is reset for trial on a calendar commencing on **Monday, October 9, 2001.**

2. A calendar call will be conducted on **Friday, September 28, 2001, at 1:30 p.m.** in Courtroom 5 at the U. S. Courthouse, 701 Clematis Street, West Palm Beach, Florida. If arrangements are made, at least 48 hours in advance with the Courtroom Deputy (561/803-3452), out-of-town counsel may attend the calendar call by general operated assisted conference call.

3. At the calendar call, counsel for each party shall provide the court, and serve upon opposing counsel, a list of proposed voir dire questions, proposed jury instructions and all motions in limine with accompanying memoranda. (Please provide a copy of cited cases.)

**THE COURT FINDS** that the period of delay resulting to and including the date of trial commences, shall be deemed excludable time in accordance with the provisions of the Speedy Trial



Act, 18 U.S.C. §3161, because (1) three defendants are fugitives, see 18 U.S.C. § 3161(h)(3)(A), and (2) the ends of justice served by taking such action outweigh the best interest of the public and the defendant with regard to a speedy trial, in light of the unavailability of a defendant's counsel. See 18 U.S.C. §3161(h)(8)(A) and (h)(7)(A); see also United States v. Elkins, 795 F.2d 919 (11th Cir. 1986) and United States v. Davenport, 935 F.2d 1223, 1240 (11th Cir. 1991) (general rule is that defendants who are jointly indicted should be tried together, and this rule applies with particular force in conspiracy cases).

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this ___6___ day of June, 2001.

Daniel T. K. Hurley
United States District Judge

Copies provided to:

Laurence M. Bardfeld, AUSA
Fred Haddad, Esq.
Glen Seiden, Esq.
Jack A. Goldberger, Esq.
F. Wesley Blankner, Esq.
Ricahrd Docobo, Esq.
Charles White, Esq.
Paul Goodman, Esq.
Timothy Biasiello, Esq.
John R. Howes, Esq.
Richard A. Hamar, Esq.